United States District Court
Southern District of Texas
**ENTERED**
September 25, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KELLY ELAINE SLAYTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-4431 |
| | § | |
| RYAN NGUYEN, *et al*., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kelly Elaine Slayton is a pretrial detainee in the Harris County Jail. In this civil-rights case, she brings claims against several defendants, including Harris County. Harris County filed a motion to dismiss all claims in Slayton's amended complaint (Dkt. 110). Slayton responded (Dkt. 113) and Harris County replied (Dkt. 114). The motion is ripe for decision. Having reviewed the pleadings, the motions and briefing, the applicable authorities, and all matters of record, Harris County's motion to dismiss will be **granted in part** and **denied in part**. The Court's reasons are explained below.

## I. BACKGROUND

Slayton filed this case *pro se*, bringing civil rights claims against Harris County and Detention Officer Ryan Nguyen. The Court construed her claims as sexual harassment, unconstitutional conditions of confinement, and failure to protect (Dkt. 26). On August 30, 2024, the Court denied the defendants' motion for summary judgment (Dkt. 77) and later appointed counsel to represent the plaintiff (Dkt. 88).

On January 5, 2026, Slayton timely filed an amended complaint (Dkt. 100; *see* Dkt. 98). The amended complaint names additional defendants: Detention Officer Brittany Spells; Detention Officer Annalisa Olivares; Detention Officer Roberto Valdepena; Harris County Sheriff Ed Gonzalez; and the Harris County Sheriff's Department.

Slayton's claims against Harris County allege failure to provide adequate medical care; failure to train, supervise, and discipline individual defendants at the jail; and policies and/or customs of ignoring serious grievances, failing to protect inmates from harm, preventing inmates from accessing care, and delaying and denying grievances (Dkt. 100, at 8-11).

## II. <u>LEGAL STANDARDS</u>

A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). Federal pleading rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The pleadings also must claim that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S.

319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington*, 563 F.3d at 147 (cleaned up).

The court's review under Rule 12(b)(6) is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). *See Walch v. Adjutant Gen.'s Dep't of Texas*, 533 F.3d 289, 294 (5th Cir. 2008) (on a Rule 12(b)(6) motion, documents attached to the briefing may be considered by the court if the documents are sufficiently referenced in the complaint and no party questions their authenticity (citing 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004))). The Court may also rely on judicially noticed facts. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

## III. ANALYSIS

Harris County moves under Rule 12(b)(6) to dismiss all claims against it in the amended complaint.

**A. Agreed Dismissals**

In her response, Slayton agrees to dismiss her claims against the Harris County Sheriff's Department and any claim against Harris County under the Texas Tort Claims Act (Dkt. 113, at 18). The Court therefore will **dismiss** these claims.

**B. Claims Regarding Officer Spells**

The County moves to dismiss Slayton's claims that rely on "factual allegations that were previously litigated" in *Slayton v. Spells*, a civil action brought by Slayton *pro se* in which the County was a defendant. In *Spells,* Slayton claimed that "Officer Spells strip-searched her in a public holding cell on or about June 12, 2022, after Slayton returned from a non-contact visit with an attorney." *Slayton v. Spells*, No. 4:23-cv-0363, 2025 WL 950084, at *1 (S.D. Tex. Mar. 28, 2025). She also alleged broadly that the County had customs that caused her harm, such as permitting physical assault. The Court dismissed all claims with prejudice and entered final judgment. The County's motion points to Slayton's factual allegations in this case regarding Spells' actions in June 2022 and argues that "[s]imilar claims in this lawsuit" are barred by *res judicata* (Dkt. 110, at 9-10 (citing Dkt. 100, at 5, ¶¶ 24-29)).

The elements of *res judicata* are: (1) the parties in the current action are the same as or in privity with those in the prior action; (2) a prior judgment was rendered by a court of competent jurisdiction; (3) the prior action terminated with a final judgment on the merits; and, (4) the same claim or cause of action is involved in both suits. *Armadillo Hotel Grp., L.L.C. v. Harris*, 84 F.4th 623, 628 (5th Cir. 2023). Because *res judicata* is an affirmative

defense, the party asserting the defense bears the burden to plead and prove it. *Sacks v. Texas S. Univ.*, 83 F.4th 340, 344 (5th Cir. 2023); *see Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005) ("[m]otions to dismiss are viewed with disfavor and are rarely granted").

Slayton's response withdraws her "claims against Harris County related to D.O. Brittany Spells" (Dkt. 113, at 19), which resolves the issue identified in the County's motion. *See* Dkt. 110, at 9-10 (citing Dkt. 100, at 5, ¶¶ 24-29). However, the County's reply argues without elaboration that Slayton's withdrawal does not fully satisfy their motion because her claims against the County in *Spells* and this case "aris[e] from same nucleus of operative facts and substantially similar claims asserted here" (Dkt. 114, at 6). The County does not identify any additional claims against the County in this suit that were decided by *Spells*. Therefore, on this record, County thus does not meet its burden to show that *res judicata* applies to any remaining claims. *See Sacks*, 83 F.4th at 344.

### C. Municipal Liability under *Monell*

The County argues generally that all of Slayton's claims against it fail under *Monell* because she does not identify a written policy, custom, pattern, or practice that was the moving force behind her violations (Dkt. 110, at 11-12). Slayton's response clarifies that her claims rely on custom, not written policy (Dkt. 113, at 9). As held in the Court's opinion denying summary judgment based on the plaintiff's prior complaint, the county may be liable for the violation of civil rights if Slayton shows "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge,

and (3) a constitutional violation whose moving force is that policy or custom." *Martinez v. Nueces Cnty., Texas*, 71 F.4th 385, 389 (5th Cir. 2023) (cleaned up) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)); *see Moore v. LaSalle Mgmt. Co., L.L.C.*, 41 F.4th 493, 509-512 (5th Cir. 2022).

At the pleading stage, plaintiffs bringing a *Monell* claim may not rely solely on boilerplate allegations, but also should not be required to plead specific factual details to which they do not have access before discovery. *Thomas v. City of Galveston, Texas*, 800 F. Supp. 2d 826, 842 (S.D. Tex. 2011) (discussing pleading standards in *Twombly*, 550 U.S. 544; *Iqbal*, 556 U.S. 662; and *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit,* 507 U.S. 163 (1993)); *see Balle v. Nueces Cnty., Texas*, 952 F.3d 552, 559 (5th Cir. 2017) ("pleadings are sufficient when they make specific factual allegations that allow a court to reasonably infer that a policy or practice exists and that the alleged policy or practice was the moving force" behind a constitutional violation by municipal employees). In order to provide fair notice to a defendant, the plaintiff can plead facts such as "past incidents of misconduct to others, multiple harms that occurred to the plaintiff [her]self, misconduct that occurred in the open, the involvement of multiple officials in the misconduct, or the specific topic of the challenged policy or training inadequacy." *Thomas*, 800 F. Supp. 2d at 843-44 (cleaned up) (collecting authorities); *see Harkless v. Brazoria Cnty., Texas*, No. 3:14-CV-329, 2016 WL 1702595, at *5 (S.D. Tex. Apr. 28, 2016). At the motion to dismiss stage, "only minimal factual allegations" are required. *Brown v. City*

*of Houston*, 297 F. Supp. 3d 748, 767 (S.D. Tex. 2017); *Sanchez v. Gomez*, 283 F.Supp.3d 524, 532-33 (W.D. Tex. 2017).

The County argues that Slayton's allegations are general and conclusory, are insufficient to plead a widespread practice attributable to Sheriff Gonzalez, and are insufficient to plead that the practice was a moving force behind her alleged injury (Dkt. 110, at 12-16).[1] However, Slayton alleges that the County had a custom or practice of delaying, denying, and discarding grievances, requests for protection, and medical care, which were the moving force behind her injuries (Dkt. 100, at 8, ¶¶ 57-58; *id*. at 9, ¶¶ 62-64; *id*. at 11-12, ¶¶ 75-59). She argues that she has sufficiently alleged similar incidents that are not isolated, in particular, repeated harms to her, open misconduct, the involvement of multiple officials, and officials' failure to correct identified deficiencies (Dkt. 113, at 15; *see Thomas*, 800 F. Supp. 2d at 843-44). She claims that Harris County Jail's noncompliance with the Texas Commission on Jail Standards and the high number of recent deaths support her allegation that the incidents of which she complains were not isolated (Dkt. 113, at 10-11). She also claims that the County was placed on notice by the high number and frequency of her grievances and requests for investigations, but that the County ignored the grievances and failed to protect her (*id*. at 11-12).

---

[1] The Court notes that several authorities cited by the County were at the summary-judgment stage.

Slayton alleges specific details to rise above the level of a barebones recitation of the *Monell* elements. Therefore, the County's motion to dismiss all *Monell* claims under Rule 12(b)(6) will be denied.

**D. <u>Medical Care</u>**

In Count 1, Slayton alleges that multiple defendants, including Harris County, failed to provide her with adequate medical care. She claims that jail officials knew of her serious mental health condition but discriminated and retaliated against her for filing grievances, threw her grievances away, delayed processing her grievances, and lied during investigations (Dkt. 100, at 8). Harris County moves to dismiss, arguing that Slayton's claim is "too vague to state a claim or permit a meaningful response" because it "does not identify who denied care when, what was requested, what any named Defendant knew, or how any named Defendant caused the alleged deprivation" (Dkt. 110, at 17).

Slayton's pleading alleges that in June of 2022, after she was jumped in her sleep and beaten while Officer Nguyen was on duty, she did not receive medical care for 10 days (Dkt. 100, at 6); that Officer Olivares inappropriately advised her to "suck a detention officer's dick," but that jail officials did not investigate her complaint regarding the incident (*id*. at 6-7); and that, around the same time, she attempted to hang herself (*id*.). She further alleges that jail officials were aware of the assault and her need for protection and care, but failed to take adequate action. *See*, *e.g.*, *id*. at 7 (alleging that she grieved Officer Olivares' statement and had a corroborating statement from another inmate, but "the grievance officer focused on what happened the day after . . . and did not even mention

the witness statement in the results of the . . . investigation against . . . Olivares"). These allegations adequately state a claim against the County. *See Balle*, 952 F.3d at 559; *Brown*, 297 F. Supp. 3d at 767; *Thomas*, 800 F. Supp. 2d at 842.

**D. <u>Failure to Train, Supervise, or Discipline</u>**

In Count 2, Slayton alleges that Harris County failed to train, supervise, or discipline jail personnel and that, rather than protecting her from harm, jail personnel mocked, retaliated against, and humiliated her for filing grievances and requests, causing her injury (Dkt. 100, at 9). The County moves to dismiss the claim as cursory, vague, and "pure speculation" (Dkt. 110, at 17-18). It also argues that Slayton does not allege a pattern of similar incidents or that the jail officials' failure amounted to deliberate indifference (*id*. (citing, *inter alia*, *Connick v Thompson*, 563 U.S. 51, 62 (2011)).

Slayton alleges that she filed 2,000 grievances and requests in the relevant period, informing officials of her need for protection, but that officials nevertheless failed to intervene, failed to discipline the officers engaged in misconduct, and failed to correct systemic deficiencies in the jail personnel's responses to inmate grievances. *See*, *e.g.*, Dkt. 100, at 7, ¶ 46). She claims that jail personnel's failure to intervene and their mocking and retaliatory responses to her complaints show an absence of meaningful training or oversight, which affected her safety, and that the alleged actions and inactions resulted in her continued exposure to danger and to injury. She cites authorities holding that deliberate indifference can be shown when the need for more or different training is obvious and that,

in some circumstances, a single incident of inadequate training can suffice (Dkt. 113, at 14-16 (citing, *e.g., Sanders-Burns v City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010)).

Slayton meets the requirement to provide a short and plain statement of her claim that rises above the boilerplate level. *Twombly*, 550 U.S. at 555; *Brown*, 297 F. Supp. 3d at 767; *Thomas*, 800 F. Supp. 2d at 842. Therefore, dismissal is not warranted at this stage.

**E. Conditions of Confinement**

The County moves to dismiss Slayton's claim that it failed to provide adequate conditions of confinement (Dkt. 110, at 19; *see* Dkt. 100, at 10, ¶ 66). It cites Fourteenth Amendment caselaw requiring a plaintiff to show conditions that amount to punishment of the detainee and conditions that are not reasonably related to a legitimate government objective (Dkt. 110, at 19) (citing *Alexander v. Taft*, 165 F.4th 309, 319-20 (5th Cir. 2025)).

Slayton pleads that jail personnel had a practice of delaying and denying grievances and requests for protection and, moreover, that they routinely ignored, discarded, or failed to investigate grievances or complaints from detainees (Dkt. 110, at 11-12, ¶¶ 75, 77). She also pleads that the practice caused harm to her health and safety, including physical pain and suffering, fear, and mental anguish (*id*. ¶¶ 76, 79). She argues that the alleged conduct has no legitimate objective because it exposes detainees to violence and harm (Dkt. 113, at 17-18).

Because Slayton provides adequate factual allegations rising about the boilerplate level, the County's motion to dismiss will be denied.

## IV. CONCLUSION

For the reasons stated above the Court now **ORDERS** that Harris County's motion to dismiss (Dkt. 110) is **GRANTED in part** and **DENIED in part**. In particular:

1. Slayton's claims against the Harris County Sheriff Department are **DISMISSED** based on the plaintiff's non-opposition.

2. All claims against Harris County under the Texas Tort Claims Act are **DISMISSED** based on the plaintiff's non-opposition.

3. Slayton's claims against Harris County based on Officer Spells' strip search in June 2022 are **DISMISSED** based on the plaintiff's non-opposition.

4. In all other respects, the County's motion to dismiss is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on September 25, 2026.

George C. Hanks Jr

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE